The counsel for the plaintiff, filed the following petition,for a re-hearing.
The' Counsel for the plaintiff would respectfully ask the court, for a reconsideration of so much of the opinion as relates to rents and profits, to be accounted for by the defendant.
The court has fixed the rent at $30 per annum, in commonwealth’s paper.
The depositions prove, that the house and garden alone (about 11-2 acres) were rented to Gayle for three years, at $30 per annum; the mortgaged premises consisted of twelve acres, it is also in proof, that nine acres were rented to Ransdale, in 1823 and 1824, for 22 1-2 barrels of corn, per annum; the corn is proved to have been worth, in 1823, $2 per barrel, and in 1824, $1 50 per barrel.
It would be satisfactory to the counsel of Head, and probably, would be best calculated, to reach the jus *560 tice and equity of the case, for the court, so to modify the opinion, as to leave the amount of rents open, and to be ascertained by the circuit court, upon further proof;
Upon which, the court delivered the following supplement to their original opinion.
Since the opinion in this case was delivered, the court has ascertained by a re-éxamination of the record, that enough was not allowed for the profits of the land. It seems that the rent of $30 in paper, was given for only the houses, and a small part of the land; and it is proved by one witness, that he rented the remainder of the ground two years. This fact had been inadvertently confounded with the other renting. The court supposed, that both were for the same land, the whole 12 acres.
The opinion and mandate, must therefore, he so far modified, as to apply to, and include the rent for the whole of the ground; as however, the value of the rent, received by Overton for the arable ground, is not certainly ascertained, the circuit court; will take proper measures to establish it.